## THE AMERICAN PRINTING INK CO. v. AMERICAN PRINTING INK CO.

Court of Appeals of District of Columbia.
Submitted November 18, 1927. Decided December 5, 1927.

No. 1987.

1. Trade-marks and trade-names and unfair competition ⬤➾43—Trade-mark containing representation of man and maps held not confusingly similar to one containing opposer's name and scroll containing printed words as to be denied registration.

American Printing Ink Company held entitled to register, as trade-mark, design including representation of man with background suggestive of map of United States, and including highly distorted representation of hemisphere, as against contention of confusing similarity to mark of The American Printing Ink Company, which consists of corporate name on label and scroll containing printed words.

2. Trade-marks and trade-names and unfair competition ⬤➾43—Applicant may be prevented from registering its corporate name, which is same as opposer's, as dominating feature of trade-mark.

While applicant for trade-mark having same corporate name as opposer cannot be prevented

from using its name in conducting its business, it may be prevented from registering it as dominating feature of its trade-mark.

**3. Trade-marks and trade-names and unfair competition ⬅️44—Applicant for registration of trade-mark held required to file disclaimer as to corporate name, where opposer had same corporate name.**

Applicant for trade-mark containing its corporate name, which was same corporate name as opposer's, *held* entitled to register the mark with modification, by filing disclaimer of words constituting its corporate name.

Appeal from the Commissioner of Patents.

Application by American Printing Ink Company for the registration of a trade-mark, opposed by The American Printing Ink Company. The tribunals of the Patent Office overruled the opposer, and it appeals. Affirmed, on condition.

W. L. Symons, of Washington, D. C., for appellant.

A. C. Fraser and L. E. Giles, both of New York City, for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. [1] Appellant, The American Printing Ink Company, opposes the registration by the appellee, American Printing Ink Company, of a trade-mark described in the application as comprised of the following elements:

"1. The representation of a corpulent man with long hair and whiskers, in a costume of red, white, and blue color, suggestive of the fanciful person known as 'Uncle Sam.'

"2. A background including as a part thereof a conventional representation suggestive of a map of the United States, such representation including lines roughly indicating state boundaries and the location of the city of Chicago.

"3. A highly distorted representation of a hemisphere, having thereon an outline suggestive of a representation of the North American continent and islands of the Pacific, so enlarged as to occupy the entire hemisphere.

"4. The words 'American Printing Ink Co.,' an abbreviation of applicant's corporate name, American Printing Ink Company."

The mark of the opposer consists of its corporate name, used on a label giving the address of the company, and a scroll in which is printed the words "High Grade Printing & Lithographing Inks, Dry Colors, Varnishes."

It is conceded that the goods of the respective parties have the same descriptive properties. Two questions, therefore, arise: Whether or not the marks are so nearly identical, when used upon goods of the same descriptive properties, as to cause confusion in trade; and whether or not the opposition should be sustained, because of the use of the corporate name of the opposer by the applicant as a dominating feature of its mark. The tribunals of the Patent Office overruled the opposer on both propositions; and, without stopping to discuss the distinctions, we are clearly of the opinion that they were right in holding that the marks are not so nearly identical as to lead to confusion.

[2, 3] The other proposition, as to the use of the corporate name, is not so clear. The difficulty arises from the fact that both the opposer and the applicant have each the same corporate name, and, while the applicant cannot be prevented from using its name in conducting its business, it may be prevented from registering it as the dominating feature of its trade-mark. This can be obviated, however, by applicant filing a disclaimer of the words "American Printing Ink Co." With this modification, we see no objection to the registration of the mark.

The decision of the Commissioner is affirmed, upon condition that applicant file a disclaimer of the words indicated; otherwise, the mark will be held unregisterable.